UNITED STATES DISTRICT COURT                      JS-6/REMAND
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 16-00442 DMG (AFMx)**                    **Date:  January 27, 2016**

Title     **World Oil Marketing Company Inc. v. David H. Siounit and Does 1 to 10, et al.**

Present:  The Honorable:  Dolly M. Gee, U.S District Judge

|                              |                              |
|:----------------------------:|:----------------------------:|
| Kane G. Tien                 | N/A                          |
| Deputy Clerk                 | Court Reporter / Recorder    |

Attorneys Present for Plaintiff:          Attorneys Present for Defendant:
N/A                                        N/A

**Proceedings:  (In Chambers)       ORDER REMANDING MATTER TO STATE COURT**

The Court *sua sponte* remands this action to the California Superior Court for the County of Los Angeles for lack of subject matter jurisdiction as set forth below.

On July 27, 2015, World Oil Marketing Company, Inc. ("Plaintiff") instituted an unlawful detainer proceeding against David H. Siounit and Does 1 to 10 ("Defendant") in state court.  Defendant has allegedly continued in unlawful possession of the property located at 6800 Balboa Boulevard, Suite B, Van Nuys, California 91406 (the "Property") that is owned by Plaintiff.  Defendant allegedly entered into a three-year lease of the Property on December 10, 2001, with rent at $1,600.00 per month.  According to the Complaint, the written agreement was later changed, but the Notice of Removal did not provide the attachments to the Complaint.  At the time of the three-day notice to quit (on July 23, 2015), the rent due by Defendant was allegedly $36,028.80.  Plaintiff estimates the fair rental value of the Property as $102.06 per day.  Plaintiff filed its unlawful detainer complaint in state court after Defendant failed to comply with the notice to quit.  Defendant removed the action to this Court on January 20, 2016.  According to his Notice of Removal, Defendant asserts diversity jurisdiction in this Court, but he alleges only federal question jurisdiction on his civil cover sheet.  (Notice of Removal at p. 2; Civil Cover Sheet at p. 1.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of

UNITED STATES DISTRICT COURT     **JS-6/REMAND**
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 16-00442 DMG (AFMx)**        **Date: January 27, 2016**

Title     **World Oil Marketing Company Inc. v. David H. Siounit and Does 1 to 10, et al.**

subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's Complaint contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if Defendants have alleged an actual or anticipated federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

The Notice of Removal (but not the Civil Cover Sheet) has alleged diversity jurisdiction. While the Notice of Removal at page 2 alleges that Plaintiff and Defendant are citizens of different states, the Civil Cover Sheet at page 1 alleges Plaintiff and Defendant are citizens of California. Even if this inconsistency in Defendant's diversity assertion is overlooked, Defendant has not plausibly alleged that the amount in controversy requirement for diversity jurisdiction has been met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). The Notice of Removal at paragraph 7 asserts that Plaintiff has not quantified its damages, but (according to Defendant) the amount in controversy "more likely than not" exceeds $75,000. Defendant provides no basis for this assertion, and it is contradicted by the allegations of the Complaint. The Complaint at paragraph 17 alleges a claim for unpaid rent totaling $36,028.80, plus attorney's fees and updated damages through the date of judgment at a rate of $102.06 per day, since August 1, 2015. From August 1, 2015 to the date of this Order, 174 days have passed. At a rate of $102.06/day, that adds $17,775.44 to Plaintiff's damages claim for a total claim of $53,787.24. Defendant has made no plausible allegations showing that those damages would rise to exceed $75,000 by the time of judgment given the status of the state court case. In this regard, the Court notes that the docket sheet from the state court action shows that a trial date had been set as of January 7, 2016. Defendant's unsupported assertion that the amount in controversy exceeds $75,000 is not sufficient to establish subject matter jurisdiction.

Finally, the Court notes that Defendant's attempt to remove this case on January 20, 2016 was likely untimely. From the state court docket, it appears Defendant filed an answer on September 14, 2015 — thus indicating he had been served with a summons and complaint by that date. The federal

UNITED STATES DISTRICT COURT      **JS-6/REMAND**
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 16-00442 DMG (AFMx)**      **Date:  January 27, 2016**

Title     **World Oil Marketing Company Inc. v. David H. Siounit and Does 1 to 10, et al.**

removal statute (28 U.S.C. § 1446) provides that the notice of removal must be filed within 30 days of service of the summons and complaint.  Here, Defendant apparently filed the Notice of Removal much later than the 30 days required by the statute.  Nonetheless, untimeliness is not a ground for the Court's *sua sponte* remand to state court based on lack of jurisdiction.

     In sum, Defendant has failed to meet his burden of showing that federal question or diversity jurisdiction exists.  Because this Court lacks subject matter jurisdiction, the Court REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this Order on all parties who have appeared in this action.

     **IT IS SO ORDERED.**

cc:  Pro Se Defendant

                                           :

**Initials of Preparer**       kt